# THE STATE COUNCIL OF THE ORDER OF UNITED AMERICAN MECHANICS·

*v.*

## DANIEL R. SHARP et al.

In 1870, a subordinate charitable association was incorporated, chartered and organized under the powers and regulations of the general council of the association; one of the provisions of the charter was that, if it should dissolve, its charitable funds should be paid over to the general council, and be held or disbursed by the latter, according to its rules, which provided for holding the ·funds by that council in trust for the purposes to which the widows' and orphans' fund was devoted originally, and for refunding them if the subordinate council should re-organize. In 1881, the subordinate council voluntarily disbanded, surrendered its charter to the general council, and, under a resolution, divided all of its effects among its members then in good standing.—*Held*, that this court has jurisdiction to compel those participating in the division to refund to the general council the moneys so received, and that the fact that the general council is without funds, is no bar; that this suit, brought in the name of the general council, will be presumed to have been brought by its direction, and that the right of recovery of that council against the defendants is not affected by the fact that the subordinate council is a corporation.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. S. K. Robbins*, for complainant.

*Mr. W. A. Cotter*, for defendants.

THE CHANCELLOR.

This suit is brought by the State Council of the Order of United American Mechanics of the State of New Jersey, a corporation under the laws of this state (*P. L. of 1871 p. 356*), to recover certain money belonging to Delaware Council, No. 53, of this state, a subordinate council chartered by the complainant in November, 1870, which money, according to the charter, on the dissolution of the subordinate council, whether by forfeiture of

its charter or otherwise, became the property of the complainant. By the charter of the complainant, it was empowered to grant charters to subordinate councils of the order in this state, according to the regulations, by-laws, rules and constitution adopted to govern them, or that might be necessary for their government, provided that no by-laws, rule or regulation should be valid, if inconsistent with the constitution and laws of this state or of the United States.   The objects of the association were, by the char-- ter, declared to be to maintain and promote the interest of American mechanics—to assist them in obtaining employment, to encourage them in business, to afford relief to the members of the association and their families in case of sickness, to defray the expense of their funerals, or such other cases of distress as should be defined by the by-laws.   The complainant's constitution provides, and did when the charter of Delaware council was granted, that the complainant shall have power to make a constitution and laws for the regulation and working of subordinate councils, and that, in case of the dissolution of any subordinate council, such council shall pay to the complainant the amount in its council and widows' and orphans' funds; that, should the subordinate council have widows or orphans, the amount thus received shall be appropriated as needed, for their assistance and support; but, should it not have widows or orphans, the full amount received shall be invested in some safe way, bearing interest, which amount, in case of the re-organization of the subordinate council, shall be paid to it, with all the interest received thereon ; that, upon application of seven members of a disbanded council, or one whose charter has been forfeited, with such new applicants as they may obtain, the charter may be restored by the officers of the state council when in session, and the re-organized council shall receive the property delivered to the state council at the time of dissolution, they being required to pay all charges that may be on the books of the state council against the disbanded council.   By the charter of Delaware council, it was provided that, should the council be dissolved by forfeiture of charter or otherwise, all its property, moneys, books and papers should become the property of the

state council.  By a report made by Delaware council in June, 1881, the total value of its property was stated to be $511.43, including $300 invested and $134.75 of the widows' and orphans' fund, and it was stated that the council had one widow and one orphan.  In October, 1881, the council disbanded and returned its charter to the state council.  Previously, however, it provided for the distribution of all its effects, including its funds, among such of its members as were in good standing, and it divided the property accordingly.  This suit is brought to recover the money from those by whom it was received.

The defendants, by their answer, insist that the state council has not authorized this suit; that the contingency on which their council was, by its charter, bound to deliver over its funds and property to the state council, has not occurred, seeing that the charter of the subordinate council has not been forfeited, because the constitution of the complainant provides that a charter of a subordinate council shall not be forfeited until such council shall have been duly notified and opportunity offered to answer the charges preferred against it, and no charges have been preferred against their council.  They also insist that the state council has, since the granting of the charter to their council, passed laws or made orders appropriating to itself funds and property delivered to it by a disbanded council, unless reclamation thereof, by a re-organization, be made in three years, and that such provision is in violation of the rights of subordinate councils ; that the state council is insolvent, and that their council was informed by the state councillor and state council secretary, at one of its meetings, held while the subject of the distribution complained of was in contemplation, that it had a right to make such distribution.  They also urge that their council is a corporation under the laws of this state, and that, therefore, suit should be brought against it, and not against them, for any relief to which the state council may be entitled in the premises.

The defendants have willfully violated the law of the society in dividing up its funds among themselves and taking them to their. own use.  Of these funds, part, at least (that called the widows' and orphans' fund), was the accretion of years, and it is

highly probable that others than they made some of the contributions from which, during those years, it has been accumulated. But from whomsoever derived, the money in question, the council and widows' and orphans' funds, was contributed under the charter for and dedicated to certain specified purposes, for which it was, from the time when it was contributed, held in trust by the society and its officers to whose hands it was committed or to whose control it was subjected. It was held by them subject also to the trust to pay it over to the state council in case of the dissolution of the subordinate one. The defendants therefore had no right to take the money. It is within the jurisdiction of this court to grant the relief which the complainant seeks. *Van Houten* v. *Pine, 9 Stew. Eq. 133; Fraas* v. *Barlement, 10 C. E. Gr. 84; Altmann* v. *Benz, 12 C. E. Gr. 331.* The constitution of the state council provides that these funds shall, on dissolution of the subordinate council, be paid over to the former, to be appropriated, by a board of trustees organized for that purpose, to the assistance and support of the widows and orphans of the latter as they may be needed; and if the subordinate council had no widows or orphans, then the full amount is to be safely invested, at interest, and with its accumulations of interest shall be paid over to the subordinate council on its re-organization. There is no provision limiting the time for such re-organization. But if there were it would be of no importance. It is enough to say that the organic law of the subordinate council provides that in case of dissolution the funds shall be paid over to the state council. The latter has a right to the funds. It is urged on the part of the defendants that the state council is insolvent. While it appears that that body is without funds in its treasury, it does not appear that the want of funds is occasioned by any misconduct. Nor does it appear that it has ever wasted or mis-applied any funds which have been paid over to it either for its own use or in trust. It offers to give security satisfactory to this court for the due administration of the funds in question in this suit.

It is not necessary for the complainant to show a vote of the state council to authorize the bringing of this suit. The suit is

in the name of the state council, and the presumption is that it was brought by authority. Nor is there any evidence that the state council or any of its officers concurred in or favored the distribution of the funds among the defendants.

The fact that the subordinate council was incorporated does not affect the right of the complainant to recover the moneys received by the defendants. The complainant has a right to follow the trust funds into the hands of the defendants.

Delaware council was in fact dissolved. It formally disbanded, divided up its funds among the members, and surrendered its charter. That was a dissolution. There will be a decree that the defendants pay to the complainant the council and widows' and orphans' funds, and the costs of this suit.